## ARTHUR A. MUGGENBURG v. MORRIS FINK.[1]

March 26, 1926.

No. 25,047.

**Negligence of janitor not sustained by evidence.**

1. The claim that the icy condition of the sidewalk upon which plaintiff fell was caused by the negligence of defendant's janitor is not sustained by the evidence.

**No liability where causal connection between negligent act and injury is conjectural.**

2. A defendant cannot be held liable where the causal connection between the alleged negligent act and the injury rests upon conjecture only.

Municipal Corporations, 28 Cyc. p. 1439 n. 35; p. 1477 n. 53; p. 1494 n. 89.

Negligence, 29 Cyc. p. 623 n. 99.

----

See notes in 58 L. R. A. 328; 9 L. R. A. (N. S.) 598; 28 L. R. A. (N. S.) 200; 51 L. R. A. (N. S.) 309; 13 R. C. L. p. 416; 4 R. C. L. Supp. p. 816; 5 R. C. L. Supp. p. 701.

[1]Reported in 208 N. W. 134.

Action in the district court for Ramsey county to recover damages for personal injuries. The case was tried before R. D. O'Brien, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Reversed and judgment directed for defendant.

*Bundlie & Kelley*, for appellant.

*John J. Keefe* and *William Bauer*, for respondent.

TAYLOR, C.

Defendant is the owner of an apartment building located on the southwest corner of the intersection of Summit avenue and Sixth street in the city of St. Paul. Plaintiff conducts a drug store in a room of the building, fronting on Sixth street. A cement sidewalk along the Sixth street side of the building extends at quite a steep grade from Summit avenue to the next street below. On the morning of December 5, 1924, the sidewalk was covered with two to four inches of slushy snow which had fallen during the preceding night. The janitor of the building removed the greater part of the snow with a shovel and then washed the remainder into the gutter with a hose and water. Shortly after noon, plaintiff started from his store to go to his automobile parked at the curb, and slipped and fell while crossing the sidewalk. Alleging that the janitor had negligently caused the sidewalk to become coated with smooth, glare ice formed by the freezing of the water which remained upon it after the snow had been washed off, and that his fall was caused by slipping upon the ice so formed, plaintiff brought this action for damages and obtained a verdict. Defendant appealed from an order denying his motion for judgment non obstante or for a new trial.

Flooding a sidewalk with water in freezing weather and thereby causing it to be coated with glare ice may doubtless constitute negligence, but washing slush and dirt from a sidewalk in thawing weather cannot be deemed an act of negligence under ordinary circumstances.

The essential facts are undisputed. This was a much traveled sidewalk. The witnesses on both sides agree that the snow which had fallen upon it the night before was slushy and sloppy on the morning of December 5, and that the janitor after removing a part with a shovel washed the remainder into the gutter with a hose leaving the walk clean and bare. The temperature, according to the government weather record, was slightly above freezing. The morning was misty and a light rain or drizzle began about half an hour before plaintiff left the store and continued for some time thereafter. When he attempted to cross the sidewalk it was coated with ice according to the testimony of his witnesses. He claims that this ice resulted from the act of the janitor in using a hose and water to wash off the slush, and concedes that if it resulted from natural causes defendant would not be liable. The sidewalk slopes from Summit avenue down the hill, and there is no claim that any standing water did or could remain upon it. It was wet from the slushy snow, and removing the snow would leave it wet even if the janitor had used no water. The mist turned into a light rain which would keep the walk wet, and it would naturally coat over with ice if it were cold enough.

It seems obvious that the condition of the walk would have been fully as dangerous if the janitor had not washed it "clean and bare" with a hose. It is not likely that any more water remained upon it than would have remained there from the snow and rain. The water from those sources would cause the condition which existed.

Plaintiff had the burden of proving that the accident resulted from the negligence of the janitor and, as the undisputed evidence shows that it is at least equally probable that it resulted from a different cause, he has failed to bear that burden. A verdict which rests upon evidence which leaves the questions of the causal connection between the alleged negligent act and the happening of the accident a matter of speculation and conjecture cannot be sustained. Dun. Dig. § 7047, and cases cited. The finding that the dangerous condition of the walk resulted from the act of the janitor rests upon conjecture, and the motion of defendant should have been granted.

Order reversed and judgment directed for defendant.